**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KYLE,<br><br>　　　Plaintiff,<br><br>v.<br><br>SELECTIVE SERVICE SYSTEM et al<br><br>　　　Defendants. | Civil Action No.   15-5193 (ES) (JAD)<br><br>ORDER |

This matter having come before the Court on the motion of the Law Firm of Michael J. Daher ("the Movant"), attorneys for Plaintiff, for the pro hac vice admission of Roy Den Hollander, Esq. pursuant to L. Civ. R. 101.1; and the Court having considered the submissions in support of the motion, which reflect that Roy Den Hollander, Esq. satisfies the requirements set forth in Rule 101.1(c) of the Local Rules of the United States District Court for the District of New Jersey; and there being no opposition to this motion; and for good cause shown,

　　**IT IS ON THIS 17th day of August, 2015**

　　**ORDERED** that the application for the pro hac vice admission of Roy Den Hollander, Esq. (ECF No. 3), is granted; and it is further

　　**ORDERED** that Roy Den Hollander, Esq., a member in good standing of the Bar of the State of New York, be permitted to appear pro hac vice in the above-captioned matter pursuant to Local Civil Rule 101.1(c); and it is further

　　**ORDERED** that Roy Den Hollander, Esq. shall comply with Local Civil Rule 101.1(c) and abide by all rules of this Court, including all disciplinary rules, and shall notify the Court immediately of any matter affecting his standing at the bar of any court; and it is further

**ORDERED** that Roy Den Hollander, Esq. is deemed to consent to the appointment of the Clerk of the Court as the agent upon whom service of process may be made for all actions that may arise from his participation in this matter; and it is further

**ORDERED** that the Movant shall (a) be attorneys of record in this case in accordance with L. Civ. R. 101.1(c); (b) be served all papers in this action and such service shall be deemed sufficient service upon Roy Den Hollander, Esq. (c) sign (or arrange for an attorney admitted to practice in the United States District Court for the District of New Jersey to sign) all pleadings, briefs, and other papers submitted to this Court; (d) appear at all proceedings unless expressly excused by the Court; and (e) be responsible for the conduct of the cause and Roy Den Hollander, Esq. in this matter; and it is further

**ORDERED** that Roy Den Hollander, Esq. shall make all required payments to the New Jersey Lawyers' Fund for Client Protection in accordance with Local Civil Rule 101.1(c)(2) and New Jersey Court Rule 1:28-2(a); and it is further

**ORDERED** that, if he has not already done so in connection with this action, Roy Den Hollander, Esq. shall pay $150.00 to the Clerk of the United States District Court for the District of New Jersey for admission pro hac vice in accordance with L. Civ. R. 101.1(c)(3); and it is further

**ORDERED** that Roy Den Hollander, Esq. shall be deemed to have agreed to take no fee in any tort case in excess of New Jersey Court Rule 1:21-7 governing contingent fees.

*/s/ Joseph A. Dickson*
_____
**Hon. Joseph A. Dickson, U.S.M.J.**