**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ELIZABETH KYLE-LABELL,** on behalf of herself and all others similarly situated, | Civil Action No. 15-5193 (ES) (JAD) |
| Plaintiff, | OPINION |
| v. | |
| **SELECTIVE SERVICE SYSTEM, et al.,** | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

Plaintiff Elizabeth Kyle-LaBell is a 20-year-old female who wants to register for the military draft. She believes it is her right and duty as a United States citizen to do so. But because she is a woman, she is prohibited from registering. She brings this putative class action to challenge the constitutionality of the draft's male-only requirement.

Pending before the Court is Defendants Selective Service System ("SSS") and Donald M. Benton's[1] (together, "Defendants") motion to dismiss Plaintiff's Second Amended Complaint (D.E. No. 54 ("SAC")) under Federal Rule of Civil Procedure 12(b)(1). (D.E. No. 69). Per Court Order, Defendants' motion concerns only whether Plaintiff has standing to bring this action. (*See* D.E. No. 67). The Court has considered the parties' submissions[2] and decides the matter without oral argument under Federal Rule of Civil Procedure 78(b). The Court has subject matter

---

[1] Under Federal Rule of Civil Procedure 25(d), Donald M. Benton automatically replaced Lawrence G. Romo in this litigation.

[2] (D.E. Nos. 69-1 ("Def. Mov. Br."), 70 ("Pl. Opp. Br.") & 71 ("Def. Reply Br.")).

jurisdiction under 28 U.S.C. § 1331. For the following reasons, Defendants' motion is DENIED without prejudice.

**I.     Background**

The Military Selective Service Act ("MSSA") provides in relevant part that

> it shall be the duty of every male citizen of the United States, and every other male person residing in the United States, who, on the day or days fixed for the first or any subsequent registration, is between the ages of eighteen and twenty-six, to present himself for and submit to registration at such time or times and place or places, and in such manner, as shall be determined by proclamation of the President and by rules and regulations prescribed hereunder.

50 U.S.C. § 3802. Plaintiff tried to register for the draft at least twice. (*See* SAC ¶ 5). Each time, Plaintiff visited the SSS website and indicated on an online form that she is female. (*See id.* ¶¶ 9-10). When Plaintiff "clicked 'Female' on the top line of the online registration form, she was prevented from registering . . . ." (*Id.* ¶ 10). Plaintiff alleges that she will "continue to try to register" for the draft because she believes it is her "right and duty" as a U.S. citizen. (*Id.* ¶ 12).

Plaintiff alleges that the MSSA creates an unlawful sex-based difference that violates her and the putative class's equal-protection and substantive-due-process rights under the Fifth Amendment because the MSSA (i) requires males and not females to register, and (ii) forbids females from registering. (*See, e.g.*, *id.* ¶¶ 2, 59, 67).

Plaintiff seeks a declaratory judgment that the MSSA's draft registration is unconstitutional. (*Id.* ¶ 13). Plaintiff also seeks (i) to enjoin Defendants from registering only males; *or* (ii) to require that females register with the SSS; *or* (iii) to require that registration be voluntary for both sexes. (*See id.* ¶ 14).[3]

---

[3]     Plaintiff notes that the injunction would cover only individuals "in the age range of 30 days before their 18th birthday to the day before their 26th birthday." (*See id.*).

## II. Legal Standard

A motion to dismiss for lack of standing is properly brought under Federal Rule of Civil Procedure 12(b)(1) because standing is a jurisdictional matter. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). A party bringing a motion under Rule 12(b)(1) may assert either a "facial or factual challenge to the court's subject matter jurisdiction." *See Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

In a facial attack, the moving party "challenges subject matter jurisdiction without disputing the facts alleged in the complaint." *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack "requires the court to consider the allegations of the complaint as true." *See id.* (citation and internal quotation marks omitted). "Thus, a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party." *Constitution Party of Pa.*, 757 F.3d at 358; *see also In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 633 (3d Cir. 2017) ("In reviewing facial challenges to standing, we apply the same standard as on review of a motion to dismiss under Rule 12(b)(6).").

In a factual attack, the moving party "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise presenting competing facts.'" *Davis*, 824 F.3d at 346 (quoting *Constitution Party of Pa.*, 757 F.3d at 358) (alteration omitted). "In contrast to a facial challenge, a factual challenge allows a court to weigh and consider evidence outside the pleadings." *Id.* (citation and internal quotation marks omitted).

Defendants do not state whether their motion presents a facial or factual attack. That said, Defendants' motion primarily "contests the sufficiency of [Plaintiff's] pleadings," *see Constitution Party of Pa.*, 757 F.3d at 358, and does not appear to challenge Plaintiffs' factual allegations. (*See*

*generally* Def. Mov. Br. at 12-13). Thus, the Court will treat Defendants' motion as a facial attack and accept Plaintiff's "well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in [her] favor." *Horizon*, 846 F.3d at 633.

### III. Discussion

#### A. Article III Standing

Article III of the United States Constitution limits the power of the federal judiciary to "cases" and "controversies." U.S. Const., art. III, § 2. "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 37 (1976). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy" and limits who may "maintain a lawsuit in federal court to seek redress of a legal wrong." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

To satisfy Article III's standing requirements, a plaintiff must satisfy three elements. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). *First*, the plaintiff must have suffered an "injury in fact"—that is, "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *See id.* (citations and internal quotation marks omitted). *Second*, "there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Id.* (cleaned up). *Third*, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* (citation and internal quotation marks omitted). "[T]he party invoking federal jurisdiction[] bears the burden of establishing these elements." *Spokeo*, 136 S. Ct. at 1547.

Defendants challenge only the first element: whether Plaintiff suffered an "injury in fact." (*See* Def. Mov. Br. at 11).[4]

### B. Injury in Fact

The Supreme Court has explained that the injury-in-fact requirement "serves to distinguish a person with a direct stake in the outcome of a litigation—even though small—from a person with a mere interest in the problem." *United States v. Students Challenging Regulatory Agency Procedures*, 412 U.S. 669, 689 n.14 (1973). The injury-in-fact requirement thus aims "to filter out those with merely generalized grievances who are bringing suit to vindicate an interest common to the entire public." *Cottrell v. Alcon Labs.*, 874 F.3d 154, 162 (3d Cir. 2017) (citation and internal quotation marks omitted). "The contours of the injury-in-fact requirement, while not precisely defined, are very generous, requiring only that [the] claimant allege some specific, identifiable trifle of injury." *Horizon*, 846 F.3d at 633 (citation omitted). After all, the Third Circuit has explained that the injury-in-fact requirement "is not Mount Everest." *Cottrell*, 874 F.3d at 162 (quoting *Danvers Motor Co., Inc. v. Ford Motor Co.*, 432 F.3d 286, 294 (3d Cir. 2005)).

To allege injury in fact, a plaintiff must claim that she suffered (i) an invasion of a legally protected interest that is (ii) concrete and particularized and (iii) actual or imminent—not conjectural or hypothetical. *See Spokeo*, 136 S. Ct. at 1548. Defendants challenge only whether Plaintiff suffered a concrete and particularized injury.[5] (*See* Def. Mov. Br. at 12-13; Def. Reply

---

[4] The parties dispute whether the Court's scrutiny of Plaintiff's standing should be "especially rigorous" because Plaintiff "seeks a decision as to the constitutionality of an action taken by a co-equal branch of government." (*See id.* at 1-2; Pl. Opp. Br. at 8-10; Def. Reply Br. at 2-3). The Court need not resolve this dispute because even if it were to undertake an "especially rigorous" inquiry of Plaintiff's standing allegations, the Court would still find that Plaintiff has sufficiently alleged standing.

[5] In their moving brief, Defendants argue that, if Plaintiff's Complaint "can be read to assert a threatened or future injury any such injury is far too speculative to confer standing." (Def. Mov. Br. at 19). Plaintiff counters that

Br. at 3). Because "an injury must be *both* concrete and particularized," the Court will analyze each component. *See Cottrell*, 874 F.3d at 167 (citing *Spokeo*, 136 S. Ct. at 1548) (emphasis in original).

## C. Concreteness

### 1. Law

For an injury to be concrete, "it must actually exist." *Spokeo*, 136 S. Ct. at 1548. It must be "real" and not "abstract." *See id.* "Bare procedural or technical violations of a statute alone will not satisfy the concreteness requirement." *Cottrell*, 874 F.3d at 167 (citations omitted).

A concrete injury need not be "tangible." *See Spokeo*, 136 S. Ct. at 1549. As the Supreme Court has observed, "[a]lthough tangible injuries are perhaps easier to recognize, we have confirmed in many of our previous cases that intangible injuries can nevertheless be concrete." *Id.* (citing *Pleasant Grove City v. Summum*, 555 U.S. 460 (2009); *Church of Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520 (1993)). The Third Circuit has explained that there are two tests for determining whether an intangible injury can be "concrete." *Horizon*, 846 F.3d at 637. The first test "asks whether 'an alleged intangible harm' is closely related 'to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American Courts.'" *Id.* (quoting *Spokeo*, 136 S. Ct. at 1549). The second test "asks whether Congress has expressed an intent to make an injury redressable." *Id.*

---

she does not rely on a theory of future injury. (*See* Pl. Opp. Br. at 21). Defendants' reply brief recognizes Plaintiff's position and does "not further address any claims of a future injury." (*See* Def. Reply Br. at 4 n.1).

To the extent Defendants argue that Plaintiff's "injury relies on the assumption that mass mobilization is imminent and thus is too speculative to meet Article III standing requirements" (*see* Def. Mov. Br. at 3), the Court is unpersuaded. Plaintiff's injury stems from her exclusion from draft registration, not conscription. (*See* Pl. Opp. Br. at 3).

## 2. Analysis

Defendants contend that Plaintiff has not alleged a concrete injury. According to Defendants, the MSSA "does not harm Plaintiff by not requiring her to do anything, nor deprive her of any opportunities in life." (Def. Mov. Br. at 12). Defendants explain that "[b]ecause she is not required to register she cannot be subject to criminal penalties, a loss of eligibility for federal or state jobs and education benefits, or the denial of a security clearance for failing to do so." (*Id.*). Defendants add that registration does not "allow Plaintiff to receive any additional benefits that would not otherwise be available to her." (*Id.*). And Defendants note that "Plaintiff remains free to enlist in the military (now or in the event the draft is reinstated) . . . ." (*Id.*).

The Court finds that Plaintiff has alleged sufficient facts to establish a concrete injury for purposes of Article III standing. Plaintiff alleges that she tried to register for the military draft but was refused. (*See* SAC ¶ 5). As Plaintiff explains in her opposition brief, the "MSSA's male-only registration and SSS's enforcement of it barred Plaintiff from registering based solely on her sex while at the same time allowing males who were similarly situated as her to register." (Pl. Opp. Br. at 20). The Supreme Court has observed that "[w]hen the suit is one challenging the legality of government action or inaction" and "the plaintiff is himself an object of the action (or forgone action) at issue . . . there is ordinarily little question that the action or inaction has caused him injury . . . ." *Lujan*, 504 U.S. at 561-62.

Plaintiff is challenging the legality of the MSSA's male-only requirement. As Plaintiff persuasively argues (*see* Pl. Opp. Br. at 24-27), this kind of sex-based discrimination constitutes "a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American Courts," *Spokeo*, 136 S. Ct. at 1549. Indeed, the Third Circuit has stated that "virtually every circuit court has reaffirmed—as has the Supreme Court—that a discriminatory classification

is itself a penalty and thus qualifies as an actual injury for standing purposes, where a citizen's right to equal treatment is at stake." *Hassan v. City of New York*, 804 F.3d 277, 289-90 (3d Cir. 2015) (cleaned up).

Defendants contend that Plaintiff will not be deprived of any opportunities in life because she can enlist in the military. (*See* Def. Mov. Br. at 12). But this misstates Plaintiff's injury. As Plaintiff explains, her injury

> is *not* that she is kept out of combat positions, *not* that she may be harmed by future inductions, *not* that she is prevented from enlisting, and *not* that possible career opportunities in the military will be hindered *but rather* that she is prevented—solely because of her sex—from *registering for the draft*.

(Pl. Opp. Br. at 21) (emphasis in original). Plaintiff alleges that "[t]he purpose of registration is to provide a pool of individuals for subsequent induction as combat personnel—if the need arises." (SAC ¶ 35). The Court must accept as true Plaintiff's allegation that enlisting is different than registering. *See Davis*, 824 F.3d at 346; *see also Lujan*, 504 U.S. at 561 ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim.") (citation, internal quotation marks, and alteration omitted). In any event, Defendants appear to acknowledge that those who register with the SSS compose a different group than those already in the military. (*See* Def. Mov. Br. at 4-6).

Defendants' reliance on *Schwartz v. Brodksy* is unavailing. (*See* Def. Mov. Br. at 13-14) (citing 265 F. Supp. 2d 130 (D. Mass. 2003)). In *Schwartz*, four males and one female challenged the constitutionality of the draft's male-only requirement. *See* 265 F. Supp. 2d at 131. The district court held that the plaintiffs failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) because "the governmental interest advanced by the MSSA remains the preparation for a draft of combat troops and plaintiffs concede women continue to be barred from ground combat." *See id.*

at 133-34.  Defendants, however, point to a footnote in *Schwartz* in which the court noted it could have dismissed the female plaintiff's claim for lack of standing.  (*See* Def. Mov. Br. at 13-14) (citing *Schwartz*, 265 F. Supp. 2d at 131 n.1).  The court stated that "[i]ndividuals 'who have never been registered with the Selective Service System and are not under any compulsion to register in the near future' suffer no 'distinct and palpable harm nor imminent threat of concrete harm sufficient to establish standing." *Schwartz*, 265 F. Supp. 2d at 131 n.1 (citing *Goldberg v. Rostker*, 509 F. Supp. 586, 591 (E.D. Pa. 1980), *overruled on other grounds by Rostker v. Goldberg*, 453 U.S. 57 (1981)) (ellipses omitted).

*Schwartz* is distinguishable because the female plaintiff in that case did not allege the same injury as Plaintiff alleges here.  *See Schwartz v. Brodsky*, Civ. No. 03-10005, D.E. No. 1, Compl. (D. Mass., Jan. 9, 2003).  In particular, the female plaintiff in *Schwartz* did not allege that she wanted to register for the draft or that she tried to register for the draft.  *See id.*  The same appears to be true for the subclass of individuals in *Goldberg*.  *See* 509 F. Supp. at 591 (finding that "individuals who have never been registered with the Selective Service System and are not under any compulsion to register in the near future" lacked standing).  Defendants' reliance on these cases is therefore unpersuasive.

Here, Plaintiff wants to register for the draft, tried to register for the draft, but can't register for the draft because she is a woman.  (*See* SAC ¶¶ 5, 8-10; D.E. No. 54-1 (Ex. A) & 54-2 (Ex. B)).  Thus, Plaintiff has alleged a concrete injury.  *See Horizon*, 846 F.3d at 633 (noting that the contours of the injury-in-fact requirement are "very generous").

### D. Particularization

#### 1. Law

For an injury to be particularized, "it must affect the plaintiff in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548 (citation and internal quotation marks omitted). "Although 'generalized grievances' common to the public will not suffice, the fact that an injury may be suffered by a large number of people does not of itself make that injury a nonjusticiable generalized grievance." *Cottrell*, 874 F.3d at 167 (citations omitted). The "particularized" requirement advances the goal of having cases litigated by "those who have a direct stake in the outcome." *See Sierra Club v. Morton*, 405 U.S. 727, 740 (1972).

#### 2. Analysis

Defendants argue that "Plaintiff's complaint is akin to a policy grievance, unsuitable for resolution in federal court." (Def. Mov. Br. at 18). According to Defendants, "[i]n the absence of some particularized cognizable harm to Plaintiff herself, the alleged injury is not a matter of individual concern, but rather a generalized and public one." (*Id.*).

In opposition, Plaintiff argues that she suffered "a particularized injury" because "she, as an individual, was personally prevented from registering with the SSS." (Pl. Opp. Br. at 12; *see also* SAC ¶¶ 5, 8-10). The Court agrees. Indeed, the Court finds that Plaintiff easily satisfies the particularization requirement of Article III standing based on the allegations in her SAC and the attached exhibits.

Defendants rely on several cases in which the plaintiff or plaintiffs lacked a particularized injury. (*See generally* Def. Mov. Br.). None is persuasive here. For example, in *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State*, the plaintiffs, a nonprofit organization comprising 90,000 "taxpayer members," along with four of the organization's

members, challenged the federal government's conveyance of real property to a religiously affiliated nonprofit college. 454 U.S. 464, 468-69 (1982). The plaintiffs had no connection to the conveyance, but alleged that the conveyance violated the Establishment Clause of the First Amendment. *See id*. at 469. Specifically, the plaintiffs alleged that each member of the organization "would be deprived of the fair and constitutional use of his (her) tax dollar for constitutional purposes in violation of his (her) rights under the First Amendment of the United States Constitution." *Id.*

The Supreme Court found that the plaintiffs lacked standing to challenge the conveyance. *See id.* at 482. It explained:

> Respondents complain of a transfer of property located in Chester County, Pa. The named plaintiffs reside in Maryland and Virginia; their organizational headquarters are located in Washington, D.C. They learned of the transfer through a news release. Their claim that the Government has violated the Establishment Clause does not provide a special license to roam the country in search of governmental wrongdoing and to reveal their discoveries in federal court. The federal courts were simply not constituted as ombudsmen of the general welfare.

*Id.* at 486-87. Here, Plaintiff's exclusion from the military draft is distinguishable—she complains of an injury that affects her in a "personal and individual way." *See Spokeo*, 136 S. Ct. at 1548.

Similarly, in *Kerchner v. Obama*, four individuals brought suit to challenge President Barack Obama's eligibility to serve as President. 612 F.3d 204, 206 (3d Cir. 2010). The Third Circuit affirmed the district court's dismissal of the suit, finding that the plaintiffs suffered no injury in fact. *See id.* at 208. The Third Circuit adopted the reasoning from its prior decision in *Berg v. Obama*, a virtually analogous case decided less than a year before *Kerchner. See id.* (citing 586 F.3d 234, 240 (3d Cir. 2009)). Quoting *Berg*, the Third Circuit observed that "[e]ven if the placement of an ineligible candidate on the presidential ballot harmed [the plaintiff], that injury was too general for the purposes of Article III [because the plaintiff] shared his interest in proper

application of the Constitution and laws with all voters." *Id.* at 208 (citation, internal quotation marks, and ellipses omitted). Plaintiff's injury here—though potentially "widely shared"—is much more personal than the alleged injury in *Kerchner*. *See Spokeo*, 136 S. Ct. at 1548 n.7 ("The fact that an injury may be suffered by a large number of people does not itself make that injury a nonjusticiable generalized grievance.").

Defendants also rely on *Allen v. Wright*. (*See* Def. Mov. Br. at 14) (citing 468 U.S. 737 (1984), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014)). In *Allen*, parents of black public-school children brought suit alleging that the IRS failed to adopt sufficient standards and procedures "to deny tax-exempt status to racially discriminatory private schools." 468 U.S. at 739. The Supreme Court held that the parents lacked standing because their injuries were either not judicially cognizable or not fairly traceable to the IRS's allegedly unlawful conduct. *See id.* at 753.

To the extent the injuries were not judicially cognizable, the Supreme Court explained that "an asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court." *See id.* at 754. It also explained that the plaintiffs lacked standing "to litigate their claims based on the stigmatizing injury often caused by racial discrimination" because they "were not *personally subject* to the challenged discrimination." *See id.* at 755 (emphasis added). Indeed, the Supreme Court explained that its "cases make clear . . . that such an injury accords a basis for standing only to those persons who are *personally denied equal treatment* by the challenged discriminatory conduct." *See id.* (internal quotation marks omitted) (emphasis added). Here, Plaintiff sufficiently alleges that she was "personally denied equal treatment by the challenged discriminatory conduct" because she was prohibited from registering for the draft on the basis of sex. (*See* SAC ¶¶ 5, 8-10). For this reason, Defendants'

reliance on *Alamo v. Clay* is equally misplaced. (*See* Def. Mov. Br. at 15) (citing 137 F.3d 1366 (D.C. Cir. 1998)).

In light for the foregoing, the Court finds that Plaintiff met her burden of establishing a particularized injury.

**IV.   CONCLUSION**

For these reasons, the Court DENIES without prejudice Defendants' motion to dismiss for lack of standing. An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
