

**U.S. Department of Justice**

Civil Division, Federal Programs Branch

| *Via U.S. Mail:* | *Via Courier:* |
|---|---|
| P.O. Box 883 | 1100 L Street, NW |
| Washington, DC 20044 | Washington, DC 20005 |

Matthew Skurnik          Tel: (202) 616-8188          matthew.skurnik@usdoj.gov
Trial Attorney              Fax: (202) 616-8470

April 3, 2020

**BY ECF**

The Honorable Esther Salas
United States District Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, New Jersey 07101

      Re:    *Kyle-Labell v. Selective Service System et al.*, Docket No. 2:15-cv-05193-ES-JAD (D.N.J.)

Dear Judge Salas,

    The Government respectfully submits this letter to inform the Court that on March 25, 2020, the National Commission on Military, National, and Public Service ("Commission") submitted the Final Report ("Report") commissioned by Congress.[1]

    The Report considers a number of issues related to national, public, and military service. It contains 49 top-level recommendations, and numerous sub-recommendations, many of which are directed specifically towards Congress. Report at 124–139. Recommendation #49 is that Congress amend the Military Selective Service Act to require that women and men register for the draft. Report at 111–123.

    At present, the only pending motion in this case is Plaintiffs' motion for class certification. As set forth below, the Report supports Defendants' arguments that class certification should be denied. *See* Defs.' Opp. to Class Cert., ECF No. 116.

    First, the congressionally-mandated Report—with its numerous recommendations to policymakers—further demonstrates that the formulation of the nation's draft registration system should remain with the political branches, and that Plaintiff's attempt to implement the Report's recommendation on women's registration through class-wide injunctive relief is inconsistent with the separation of powers. *See id.* at 13–16.

    Second, the Report reinforces why Plaintiff is not an adequate class representative. *See id.* at 16–26. The Report notes, for example, that "[m]any individuals who engaged with the Commission fervently expressed their perspective that women should not be required to register

---

[1] *Available at* https://inspire2serve.gov/sites/default/files/final-report/Final%20Report.pdf

for a potential draft." Report 119–120.  Plaintiffs cannot fairly or adequately represent class members who hold such views—which are directly contrary to the relief Plaintiff seeks in this action.  Further, the Report explains that some of the individuals with whom the Commission conferred believed "that changing the MSSA to require all Americans to register would erode, not enhance, women's rights" because it would "impose on millions of women a registration requirement with which they are not currently burdened, subject them to financial and legal exposure they don't currently have, and mandatorily subject them to the physical demands and inherent dangers of military service."  *Id.* at 120.  Defendants have explained why imposing new legal burdens on putative class members creates a stark conflict of interest.  Defs.' Opp. to Class Cert. 17–20.  The fact that at least a portion of the putative class does not favor undertaking such burdens confirms that Plaintiff cannot adequately represent their interests.

For these additional reasons, Plaintiffs' motion for class certification should be denied.

Respectfully submitted,

By:   */s/ Matthew Skurnik*
MATTHEW SKURNIK
COUNSEL FOR DEFENDANTS