

Telephone: (212) 446-2300<br>
Email: smariella@bsfllp.com

April 14, 2020

**VIA ECF**

The Honorable Esther Salas
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

    Re:    *Kyle-Labell v. Selective Service System et al.,* Case No. 15-cv-5193-ES-JAD

Dear Judge Salas,

    We write on behalf of Plaintiff Elizabeth Kyle-Labell in response to the Government's letter dated April 3, 2020. ECF No. 125. For the following reasons, the Government's letter is both improper and irrelevant to Plaintiff's motion for class certification, ECF No. 115, currently pending.

    The Government's letter purports to "inform" the Court of a recent report by the National Commission on Military, National, and Public Service (the "Report"), but, in reality, amounts to an improper sur-reply to Plaintiff's reply in further support of her motion for class certification. ECF No. 117. Both the Local Rules of this District and this Court's individual rules prohibit sur-replies without the Court's permission. *See* Local Rule 7.1(d)(6); General Pretrial and Trial Procedures II(E)(vi) ("No sur-replies are permitted without permission. They are strongly discouraged unless it is apparent on the face of the submission that such additional briefing is necessary to rebut an issue or point of law not discussed in the initial briefs."). This sur-reply is both procedurally and substantively improper: *First,* the Government did not request or obtain permission from this Court to file a sur-reply. *Second,* the arguments contained in its letter were already addressed in the parties' briefing on Plaintiff's motion for class certification rendering any additional briefing unnecessary.

    Even if the letter were proper, however, the arguments raised therein are irrelevant to the class certification issue currently before the Court. *First*, the Government contends that a nonbinding Report of "recommendations to policymakers" demonstrates that "class-wide injunctive relief is inconsistent with the separation of powers." ECF No. 125 at 1. But the Court has already rejected this argument when denying the Government's Motion to Dismiss, holding that judicial review is proper because the Court has a "duty" to "determine whether the Constitution is being obeyed . . . ." *Kyle-Labell v. Selective Serv. Sys.*, 364 F. Supp. 3d 394, 407–08 (D.N.J. 2019) ("[T]he Court will uphold its 'virtually unflagging' Article III obligation to hear and decide the present case, which falls squarely within its jurisdiction." (citation omitted)). The Government cannot relitigate the separation of powers issue now, after the Court has already ruled on its motion to dismiss and briefing on Plaintiff's motion for class certification has closed. In



any event, the parties addressed this argument, in full, in the class certification briefing. ECF No. 116 at 13–16; ECF No. 117 at 2–4.

*Second*, the Government contends that the Report supports an argument that it previously made in its brief opposing class certification—that Plaintiff is not an adequate class representative because some people think that women should not be required to register for a draft. ECF No. 125 at 1–2; *see also* ECF No. 226 at 26–33. But, as Plaintiff argued in her briefing in support of class certification, because Plaintiff is seeking certification of a Rule 23(b)(2) class, whether some class members oppose injunctive relief has no bearing on whether Plaintiff is an adequate class representative. *See* ECF No. 117 at 10–16.

Class certification is appropriate under Rule 23(b)(2) when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Here, the Government prohibits all women, because of their sex, from registering for the draft, thus acting in a uniform manner toward the entire class and causing the same injury to each proposed class member. Class certification under Rule 23(b)(2) is therefore appropriate.

Respectfully submitted,

*/s/ Sabina Mariella*

Sabina Mariella, Esq.

cc: Counsel of Record (via ECF)