

**U.S. Department of Justice**

Civil Division, Federal Programs Branch

| *Via U.S. Mail:* | *Via Courier:* |
|---|---|
| P.O. Box 883 | 1100 L Street, NW |
| Washington, DC 20044 | Washington, DC 20005 |

| Matthew Skurnik | Tel: (202) 616-8188 | matthew.skurnik@usdoj.gov |
|---|---|---|
| Trial Attorney | Fax: (202) 616-8470 | |

June 3, 2021

**BY ECF**

The Honorable Jessica S. Allen
United States Magistrate Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 2B
Newark, New Jersey 07101

      Re:    *Kyle-Labell v. Selective Service System et al.*, Docket No. 2:15-cv-05193-KSH-JSA (D.N.J.)

Dear Judge Allen:

We write in response to the Court's May 21, 2021 order, which required the parties to file a joint status letter "setting forth the case's procedural history, the status of Motion practice, the status of discovery if any has been exchanged, and whether a Settlement Conference is appropriate." ECF No. 133. The parties jointly submit the following:

**I. Procedural History**

On July 3, 2015, Plaintiff Elizabeth Kyle-Labell, then a minor represented by her mother as guardian ad litem, filed this action on behalf of herself and a putative class to challenge the constitutionality of the Military Selective Service Act ("MSSA"), which currently (1) requires only males to register for the draft, and (2) forbids females from registering for the draft. 50 U.S.C. § 3802(a). Plaintiff seeks a declaratory judgment that the MSSA's draft registration provision is unconstitutional, and an injunction (i) enjoining the Government from registering only males; or (ii) requiring that females register with the SSS; or (iii) requiring that registration be voluntary for both sexes. On September 29, 2016, Ms. Kyle-Labell was substituted as the plaintiff, as she sought to replace her mother as named plaintiff when she turned 18. ECF Nos. 49, 54.

The Government filed a motion to dismiss, ECF No. 33, which the Court terminated on June 29, 2019 pending supplemental briefing "regarding recent activity in Congress related to the Military Selective Service Act." ECF No. 48. The parties submitted multiple filings informing the Court of congressional actions, including the creation of the National Commission on Military, National, and Public Service (the "Commission"). ECF No. 57. This commission was charged with conducting a review of military selective service, including consideration of whether draft registration should be expanded to require registration "without regard to age or sex." Pub. L. No. 114-328 § 551(b)(3), 130 Stat. 2000, 2130 (2016).

The plaintiff filed a Motion to Continue the Proceedings, seeking to resume the litigation. ECF No. 58-1. The Court granted the plaintiff's motion on July 27, 2017 and ordered that the Government could renew its motion to dismiss, but only on the issue of standing. ECF No. 67. The Government renewed its motion, addressing only standing. ECF No. 69. On March 29, 2018, the Court denied the motion without prejudice, holding that Plaintiff's allegations that she tried to register for the draft but was refused were sufficient to establish a concrete and particularized injury for purposes of Article III standing. ECF No. 72.

The Government thereafter moved to dismiss on grounds of ripeness and failure to state a claim. ECF No. 80. The Court denied the Government's motion in part, permitting the equal protection claim to proceed, and granted the Government's motion in part, dismissing the substantive due process claim. ECF No. 89. The Court also held that Plaintiff's challenge to the MSSA was ripe for review. *Id.*

The Government then filed an answer. ECF No. 97. At the same time, in accordance with procedures set by the Magistrate Judge, the plaintiff served on the Government (but did not file) a motion for class certification, and the parties met and conferred about the need for conducting discovery related to class certification. ECF No. 96. At the recommendation of the parties, the Magistrate Judge set a period of 60 days for the Government to conduct class certification discovery. ECF No. 99. That period was extended by an additional three weeks. ECF Nos. 100-101. On June 20, 2019, Boies Schiller Flexner LLP replaced Michael John Daher and Roy Den Hollander as Plaintiff's counsel. ECF No. 104. On August 30, 2019, the parties

filed their class certification papers.  ECF Nos. 115–117.  The plaintiffs' motion for class certification is currently pending, and no summary judgment briefing schedule has been set.  *See* ECF No. 99.

On April 3, 2020, the Government filed a letter informing the Court that the Commission had submitted its Final Report commissioned by Congress.  ECF No. 125.  Among other things, the report recommended that Congress amend the Military Selective Service Act to require that both women and men register for the draft.  *Id*.  The Government's letter contended that the Commission's Final Report supported the Government's arguments that class certification should be denied.  *Id*.  The plaintiff filed a letter in response, contending that the Government's letter was an improper sur-reply on Plaintiff's class certification motion and, in any event, that the Commission's Final Report has no bearing on the issues raised in the class certification motion.  ECF No. 126.

On July 22, 2020 and February 19, 2021, this case was reassigned to Judge Katharine S. Hayden and Magistrate Judge Jessica S. Allen, respectively.  ECF No. 129.

## II. Status of Motion Practice

On April 5, 2019, Plaintiff served a motion for class certification on the Government, seeking to certify a class of all present and future female, U.S. citizens who are prevented from registering for the draft at any time from 30 days before their 18th birthday to the day before their 26th birthday, with some exclusions.  The Government served its opposition to Plaintiff's motion for class certification on August 14, 2019, and Plaintiff served her reply in support of her motion on August 30, 2019.  All of the briefs were filed on ECF on August 30, 2019.  ECF Nos. 115, 116, 117.  Judge Salas scheduled a telephonic oral argument on Plaintiff's motion for class certification for June 25, 2020, but cancelled the oral argument without a new date due to "unforeseen circumstances."  ECF Nos. 127, 128.  Plaintiff's motion for class certification remains fully briefed and pending.  No other motions are currently pending before the Court.

The parties have not yet moved for summary judgment.  The Magistrate Judge previously ordered that it would "postpone setting a summary judgment briefing schedule until a more appropriate time."  ECF No. 99.

### III. Status of Discovery

This case has not involved significant discovery.  During the period of class certification discovery, the Government propounded a set of seventeen interrogatories, to which plaintiff served responses and objections.  *See* ECF No. 116-1.  The parties have not conducted any merits discovery thus far.  No party has served requests for production or admission, no depositions have taken place, and no discovery is currently outstanding.

### IV. Settlement Conference

At this time, the parties do not believe that a settlement conference would be appropriate.  The plaintiff requests declaratory and injunctive relief regarding a federal statute.  The parties do not anticipate that a settlement conference would lead to a settlement.

Respectfully submitted,

By: */s/ Matthew Skurnik*
MATTHEW SKURNIK
COUNSEL FOR DEFENDANTS

*/s/ Sabina Mariella*
SABINA MARIELLA
COUNSEL FOR PLAINTIFF