

**U.S. Department of Justice**

Civil Division, Federal Programs Branch

| *Via U.S. Mail:* | *Via Courier:* |
|---|---|
| P.O. Box 883 | 1100 L Street, NW |
| Washington, DC 20044 | Washington, DC 20005 |

Matthew Skurnik  Tel: (202) 616-8188   matthew.skurnik@usdoj.gov
Trial Attorney   Fax: (202) 616-8470

June 16, 2021

<u>**BY ECF**</u>

The Honorable Katharine S. Hayden
United States District Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

      Re:    *Kyle-Labell v. Selective Service System et al.*, Docket No. 2:15-cv-05193-KSH-JSA (D.N.J.)

Dear Judge Hayden:

    I write in response to the Court's June 6, 2021 order directing the parties to explain "whether they object to the Court administratively staying the Action in light of the Supreme Court of the United States' recent decision in National Coalition for Men, et al. v. Selective Service System, et al., 593 U.S. ___ (2021), and providing the basis for any such objection." ECF No. 138. The Government does not object to an administrative stay of this action, and respectfully submits that a stay is warranted.

    **I.**    **Applicable Standard**

    "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *Cheyney State Coll. Fac. v. Hufstedler*, 703 F.2d 732, 737 (3d Cir. 1983) (quoting *Landis v. North American Company*, 299 U.S. 248, 254 (1936)). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 737–38 (quoting *Landis*, 299 U.S. at 254–255).

    **II.**    **A Stay is Warranted in Light of *National Coalition for Men*.**

    The Supreme Court's June 7, 2021 decision to deny certiorari in *National Coalition for Men ("NCFM")* counsels in favor of a stay. Like this case, *NCFM* involved an equal protection claim against the Selective Service System and its Director challenging male-only draft registration. After the Fifth Circuit upheld male-only registration and dismissed the case, the *NCFM* plaintiffs filed a petition for a writ of certiorari in the Supreme Court. *See NCFM, et al. v. Selective Service System, et al.*, 969 F.3d 546 (5th Cir. 2020); Pet. for a Writ of Cert., No. 20-928 (U.S. Jan 8, 2021), attached as Exhibit A.

The Government's primary argument in opposition to the petition was that review of the male-only registration requirement should be deferred while Congress actively considered the issue.[1] *See* Brief for the Resp. in Opp. 10, 12–16 (April 14, 2021), attached as Exhibit B. The Government pointed out that the National Commission on Military, National, and Public Service's (the "Commission") March 2020 Report recommended that registration be required without regard to sex; that the Report was accompanied by a 175-page proposed bill that was later introduced in the House; that on March 11, 2021, the Senate Armed Services Committee held a hearing dedicated to the Commission's recommendations; and that the Committee Chairman expressed his hope that the Commission's recommendations would be "in large part incorporated into the next" National Defense Authorization Act "after appropriate review and debate." *Id.* at 14–16. The Government noted that Congress had not yet had one full legislative cycle to consider the Report's recommendations, and that the portion of 2020 during which Congress might have acted on the issue was dominated by legislative attention to the COVID-19 pandemic. *Id.* at 16.

In reply, the *NCFM* plaintiffs argued that Congress had "multiple opportunities over the last four decades" to reform male-only registration, and that it was not proper to "wait any longer for Congress to fix" the issue. Reply Brief in Supp. of Cert. 1–2 (April 27, 2021), attached as Exhibit C. They pointed out that the Government had previously sought to stay the case on the ground that the ongoing process among Congress and the Executive Branch deserved deference. *Id.* at 6. And they disputed that the case "involved a sensitive military context or usurp[ed] military judgment." *Id.* at 8.

In denying certiorari, the Supreme Court apparently was not persuaded by the plaintiffs' arguments against deferring to congressional action. In the statement respecting the denial of certiorari, Justice Sotomayor, joined by Justices Breyer and Kavanaugh, reiterated many of the Government's arguments for why the Court should indeed defer to Congress. Like the Government, the three Justices specifically cited the Commission's recommendations, the hearing by the Senate Armed Services Committee, and the statement by the Committee's chairman. ECF No. 137-1 at 2. They thus concluded that "at least for now, the Court's longstanding deference to Congress on matters of national defense and military affairs cautions against granting review while Congress actively weighs the issue." *Id.* at 3. These same considerations apply in this case, where the plaintiff challenges the same statutory provision amidst the same ongoing process in Congress. And although the question here is whether to stay proceedings rather than whether to grant certiorari, the same principles of deference to Congress on military matters control. Accordingly, in light of the *NCFM* parties' arguments for and against certiorari, the Supreme Court's denial of certiorari, and the statement by three Justices, an administrative stay should be entered in this case.

### III.   A Stay Best Serves Judicial Economy.

In addition to the Supreme Court's disposition of the cert. petition in *NCFM*, a stay should be entered because it would best serve judicial economy. Should Congress adopt the Commissions' recommendation to require registration without regard to sex, the plaintiff's claim would become moot. The claim may similarly be mooted if Congress reforms registration in a

---

[1] The Government also argued that the case was a poor vehicle because there were serious questions whether the plaintiffs in *NCFM* had standing.

different fashion, such as making registration voluntary for both men and women or doing away with registration entirely. And even if Congress does not ultimately moot the plaintiffs' claim, its consideration of the question may sharpen the issues for judicial review. *See, e.g.*, *Rostker v. Goldberg*, 453 U.S. 57 (1981) (evaluating constitutionality of male-only registration based in part on record of Congress's consideration of the issue). Whatever the outcome of the legislative process, it best serves judicial economy to stay this case and avoid further proceedings that may later be irrelevant in light of further congressional action.

These considerations of judicial efficiency are heightened here, where the plaintiff raises a constitutional challenge to a military policy. A court's power to declare a statute unconstitutional is "a tool of last resort," *Valley Forge Christian Coll. v. Am. United for Separation of Church and State*, 454 U.S. 464, 474 (1982), that should not be employed "in advance of the necessity of deciding" the constitutional question. *Armstrong World Indus., Inc. by Wolfson v. Adams*, 961 F.2d 405, 413 (3d Cir. 1992). At the same time, deference to Congress "is at its apogee when legislative action under the congressional authority to raise and support armies . . . is challenged." *Rostker*, 453 U.S. at 70. In light of these principles, the possibility that Congress may address male-only registration weighs against expending potentially unnecessary judicial resources.

## IV.     The Balance of the Harms Favors a Stay.

Aside from considerations of judicial efficiency, the plaintiff in this case faces no imminent hardship that would result from a stay. The plaintiff is not currently required to register for the draft. She is not subject to penalties for failing to register. Nor is she prevented from seeking to enlist in the military. While the plaintiff may desire to see this case resolved quickly, any delay in its resolution in deference to the political process imposes no restriction on her, including from pursuing a military career. Accordingly, while this Court previously held the plaintiff's allegations of discrimination satisfy Article III's threshold requirement of an injury-in-fact, Opinion, ECF No. 72, a stay at this time would impose no burden on the plaintiff other than postponing the litigation.

The Government, in contrast, faces potentially significant hardships if this case proceeds. Judicial resolution of the constitutional claim at issue may deprive Congress of the opportunity to apply its judgment first to a matter committed to its authority by the Constitution. Moreover, plaintiff seeks injunctive relief to force the Government either to stop registration entirely, to make registration voluntary for everyone, or to require the registration of both men and women. Entry of any one of these requested injunctions would preempt Congress's current consideration of registration reforms, and if upheld could potentially require the Government to spend millions of dollars changing the Selective Service System before Congress reaches a decision. The entry of an administrative stay would avoid such potential harms while Congress deliberates on the policy at issue.

## V.     The Government's Prior Stay Requests Are Immaterial.

During the April 10, 2021 status conference, counsel for plaintiffs raised the fact that the Government had previously requested stays, and that some of those requests had been denied. *See, e.g.*, Defs.' Response to Mot. to Continue Proceedings 13–15, ECF No. 61 (Government's unsuccessful request for a limited stay while the Commission performed its work); Defs.' Mot. to Dismiss Second Am. Compl. 12–18, ECF No. 80 (Government's unsuccessful argument as an

- 4 -

alternative to dismissal that claims should be held in abeyance); Joint Motion to Defer Supp. Briefing, ECF No. 55 (parties' successful joint request that briefing be deferred pending activity in Congress).  The Government's earlier requests for a stay—one of which the plaintiff joined—do not suggest that a stay is inappropriate *now*.  There is no dispute that the prior stay requests were made under different factual circumstances—namely, prior to the Commission's release of its recommendations and their active consideration by Congress.  And although this Court in March 2019 held the plaintiff's claim was ripe, Opinion 6–15, ECF No. 89, that ruling also preceded the Commission's recommendations and their consideration in Congress, and in any case is in tension with the Supreme Court's disposition of the *NCFM* cert. petition.

**VI.    Conclusion**

For the reasons set forth above, the Government does not object to an administrative stay of this action, and respectfully submits that a stay is warranted.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Branch Director

/s/  Matthew Skurnik
MATTHEW SKURNIK, NY Bar No. 5553896
Trial Attorney
ANDREW CARMICHAEL
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 616-8188
Matthew.skurnik@usdoj.gov

*Counsel for Defendants*