

SABINA MARIELLA
Tel.: (212) 446-2300
E-mail: smariella@bsfllp.com

June 16, 2021

**VIA ECF**

Honorable Katharine S. Hayden
United States District Court
District of New Jersey
50 Walnut Street
Newark, New Jersey 07101

    Re:    *Kyle-Labell v. Selective Service System et al.*,
              Case No. 2:15-cv-05193- KSH-JSA

Dear Judge Hayden:

       We represent Plaintiff Elizabeth Kyle-Labell in the above-captioned case. On June 10, 2021, the Court held a telephonic status conference during which Magistrate Judge Allen expressed the Court's inclination to administratively stay this matter in light of the Supreme Court's recent denial of certiorari in *National Coalition for Men, et al. v. Selective Service System, et al.*, which challenged the Selective Service System's exclusion of women from draft registration as unconstitutional. No. 20-928, 2021 WL 2301977 (U.S. June 7, 2021). Consistent with the Court's June 10, 2021, Order, Plaintiff submits this letter opposing an administrative stay of this case. ECF No. 138.

### I.    The Supreme Court's Statement in *National Coalition for Men* Does Not Warrant an Administrative Stay.

      *First*, the Supreme Court's denial of certiorari in *National Coalition for Men* does not warrant an administrative stay of this action while Congress considers amending the Military Selective Service Act ("MSSA"), which currently requires only men to register for the draft. No. 20-928, 2021 WL 2301977 (U.S. June 7, 2021). The Supreme Court has cautioned against attributing precedential value to statements accompanying the denial of certiorari, like Justice Sotomayor's in *National Coalition for Men*. *Teague v. Lane*, 489 U.S. 288, 296 (1989) ("[O]pinions accompanying the denial of certiorari cannot have the same effect as decisions on the merits."); *Barefoot v. Estelle*, 463 U.S. 880, 908 (1983) ("Denials of certiorari never have precedential value . . . ."); *cf. Maryland v. Balt. Radio Show, Inc.*, 338 U.S. 912, 919 (1950) (explaining that "this Court has rigorously insisted" that a denial of a petition for certiorari "carries with it no implication whatever regarding the Court's views on the merits of a case which it has declined to review").

      Nor should Justice Sotomayor's statement be persuasive to this Court in determining whether to administratively stay this matter—although the Supreme Court has discretion to choose which cases to review, this Court must resolve Article III cases and controversies and it has already twice determined that such a case or controversy is present here. ECF Nos. 72 (rejecting standing challenge), 89 (rejecting ripeness challenge). As this Court has previously held, "the Constitution and the rights it protects cannot be held hostage to a possibility that a commission is investigating



a particular policy, which may or may not give rise to legislation, which may or may not be enacted into law, which may or may not ultimately make the injury Plaintiff and others similarly situated are *currently* suffering, moot." ECF No. 89 at 10.

Here, the MSSA "is currently being fully enforced against [Plaintiff] and other similarly situated women." *Id*. at 11. She *currently* cannot register for the draft solely because she is a woman and she *currently* is subject to a gender classification that perpetuates archaic stereotypes about her capabilities and her role in society. Further, unlike in *National Coalition for Men*, delaying this matter could render Plaintiff's individual claims moot and/or deprive her of standing without any resolution of the gender classification at issue. Currently, only males between 18 to 25 years old are required to register for the draft. Although Plaintiff filed this lawsuit in 2015 when she would have first been able to register for the draft if she were a man, she is now 23 years old. If Plaintiff turns 26 before this action is resolved, her individual claims challenging the male-only draft registration requirement could become moot, even if Congress has not changed the law.

As to Justice Sotomayor's citation to "the Court's longstanding deference to Congress on matters of national defense and military affairs," *Nat'l Coalition for Men*, 2021 WL 2301977 at *2, the level of deference afforded to Congress on matters of military affairs is a merits issue that does not warrant a stay. This Court has recognized as much, explaining that, "while judicial intervention in military matters 'should only be undertaken with care and circumspection,' that is ultimately an issue to be studied on the merits with the benefit of a more developed record." ECF No. 89 at 15 (quoting *Jaffee v. U.S.*, 663 F.2d 1226, 1238 (3d Cir. 1981)). Such deference does not completely shield Congress's decisions regarding military affairs from review. *See Holder v. Humanitarian Law Project*, 561 U.S. 1, 34 (2010) ("[C]oncerns of national security . . . do not warrant abdication of the judicial role."). And here, the current issue before the Court is not a merits issue, but is rather Plaintiff's motion for class certification, which can be decided irrespective of any congressional activity.

## II.     Recent Congressional Activity Does Not Warrant an Administrative Stay.

*Second*, there is no authority supporting the argument that pending legislation or congressional activity warrants a stay. Rather, "courts apply duly enacted laws; they do not try to guess which bills may or may not be enacted into law." *Venckiene v. United States*, 929 F.3d 843, 864 (7th Cir. 2019); *see also Johnson v. Lyon*, 406 F. Supp. 3d 651, 664 (W.D. Mich. 2018) (declining to stay due to pending bills that would moot case because "unless and until either of the bills become law, they are inconsequential to this action"). Such is true regardless of whether the pending legislation or congressional activity relates to military affairs. For example, in *Log Cabin Republicans v. United States*, No. CV 04-08425-VAP (EX), 2010 WL 11508368 (C.D. Cal. Jul. 6, 2010), in denying the Government's motion to stay in a case challenging the Don't Ask Don't Tell ("DADT") policy, the court rejected the argument that "a stay is appropriate because a measure to repeal the DADT Policy currently is pending in both houses of Congress." *Id.* at *6. The court held that "a stay of this action would be unjustified" because "it is speculative to assert that the measures in question will ultimately be included as part of the final defense authorization bill that emerges from Congress." *Id.*; *see also Owens v. Brown*, 455 F. Supp. 291, 302 (D.D.C. 1978) ("[N]either deference for the decisions of the political branches of government in the area of military affairs, nor concern about undue judicial intervention, nor the likelihood of influencing



legislative efforts to revise section 6015 affords a principled basis for avoiding a decision on the precise claims raised by plaintiffs in this case.").

Neither the Court nor the parties can predict whether Congress will ever resolve the issue at hand. For this very reason, since this case was filed six years ago, this Court has twice rejected Defendants' efforts to either put this matter on hold in the hopes that Congress might itself remedy the unconstitutional gender classification in the MSSA, or dismiss the case altogether on the basis of ripeness or separation of powers issues. ECF Nos. 61, 80. First, the Court rejected Defendants' argument that it should enter a limited stay of this matter in light of Congress's establishment of a "Commission tasked with reviewing the efficacy of the current selective service system and its possible expansion to all citizens regardless of sex." ECF No. 61 at 1, 13. The Court declined to stay the matter and instead granted Plaintiff's motion to resume the litigation, reasoning that "the current legislative scheme and status provides no certainty as to the resolution of the ultimate issue in this case." ECF No. 67.

Next, in denying Defendants' motion to dismiss on ripeness grounds, this Court rejected Defendants' argument that the Court "should not intrude" on the Commission's process of reviewing the draft because "[t]he Commission, Congress, the Executive Branch, and the public are engaged in an ongoing policy process designed to address the precise issues Plaintiff raises in her complaint." ECF No. 80-1 at 23. The Court explained that "Defendants effectively ask this Court to hold in abeyance Plaintiff's constitutional rights on the hope of contingent future events that may not occur as anticipated, or indeed may not occur at all." ECF No. 89 at 11 (internal quotation marks omitted).[1]

The recent activity in Congress is no different than the prior activity that the Court determined did not warrant a stay—Congress's establishment of a Commission to review the Selective Service System. Congress has had plenty of time to consider draft registration for women. Between 1980 and 2015, numerous legislative changes to the MSSA that would have eliminated the unconstitutional gender disparity were proposed, but never enacted. In fact, just since 2003, Congress has considered and abandoned at least eight bills introduced to amend the MSSA's male-only registration requirement—the very issue in this case.[2] Amending the MSSA has even been supported by presidents and other public officials.[3] Yet Plaintiff is still waiting for Congress to

---

[1] The Commission's final, but non-binding, report was released in March 2020. https://inspire2serve.gov/sites/default/files/final-report/Final%20Report.pdf.

[2] *See, e.g.*, H.R. 1509, 114th Cong. (2015); H.R. 748, 113th Cong. (2013); H.R. 1152, 112th Cong. (2011); H.R. 5741, 111th Cong. (2010); H.R. 393, 110th Cong. (2007); H.R. 4752, 109th Cong. (2006); H.R. 2723, 109th Cong. (2005); H.R. 163, 108th Cong. (2003).

[3] As just a few examples, in 1980 President Carter and various military leaders recommended that the MSSA be amended to permit the registration of both sexes. *Rostker v. Goldberg*, 453 U.S. 57, 57 (1981). Then, in 1994, President Clinton asked the Secretary of Defense for a report to update its mobilization requirements for the Selective Service System as part of the effort to "continue to review the arguments for and against continuing to exclude women from [draft] registration now that they can be assigned to combat roles other than ground combat." *Background: Women and the Draft in America*, https://www.sss.gov/register/women/background/. And in 2016, a



recognize women as full-fledged citizens capable of shouldering the responsibilities of citizenship to the same extent as men.

The Senate Armed Services Committee's March hearing on the Commission's final report, which is cited in Justice Sotomayor's statement in denying the petition for certiorari in *National Coalition for Men*, is no different.  2021 WL 2301977, at *1.  In that hearing, the Committee Chairman merely expressed the "'hope' that a gender-neutral registration requirement will be 'incorporated into the next national defense bill.'"  *Id.*  As this Court has recognized, a mere "hope" that Congress will change the law does not warrant asking "this Court to hold in abeyance Plaintiff's constitutional rights."  ECF No. 89 at 11.

In fact, a more recent House Armed Service Committee hearing, held on May 19, 2021, only reflects Congress's ongoing indecision and delay.  At this hearing, the Committee considered numerous options on the future of a military draft, including both the abolishment and expansion of the draft to include women.  But certain members expressed skepticism as to how the government could feasibly enforce a gender-neutral registration requirement, casting further doubt on the likelihood of real legislation that will remedy Plaintiff's injury. *Recommendations of the Commission on Military, Nat'l, and Public Service: Hearing Before the H. Comm. on Armed Services*, 117th Cong. (2021), available at https://armedservices.house.gov/2021/5/full-committee-hearing-recommendations-of-the-national-commission-on-military-national-and-public-service.

Simply put, Congress is under no obligation or timeline to act on the Commission's recommendations.  An administrative stay until Congress acts on the Commission's recommendations could thus result in an indefinite stay of a case that has already been pending since 2015, and in which the Plaintiff is at serious risk of losing her standing to challenge a law that is currently injuring her.  For all of the foregoing reasons, the Court should decline to administratively stay this matter and should render a decision on Plaintiff's pending motion for class certification.

Respectfully,

/s/  Sabina Mariella
Sabina Mariella

---

spokesman for the White House National Security Council stated that the Obama administration supported females registering for the draft.  ECF No. 57 at 4.