

**U.S. Department of Justice**

Civil Division, Federal Programs Branch

---

Andrew E. Carmichael                                                    Tel: (202) 514-3346
Senior Trial Counsel                                          Andrew.e.carmichael@usdoj.gov

June 28, 2024

**<u>VIA ECF</u>**

Honorable Katharine S. Hayden
US District Judge
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

      Re:    *Kyle v. Selective Service System et al.*, Docket No. 2:15-cv-05193-KSH-JSA
              (D.N.J.)

Dear Judge Hayden,

On October 17, 2023, the parties notified the Court of Congress' ongoing consideration of amending the Military Selective Service Act ("MSSA"). ECF No. 145. Changes to the MSSA are again being considered as part of the FY25 NDAA to include a recent amendment passed by the House of Representatives to make registration automatic for men. *See* National Defense Authorization Act for Fiscal Year 2025, H.R. 8070, 118th Cong. § 531 (2024). Congressional action in this area continues to counsel in favor of judicial deference to the coordinate branches. *See Rostker v. Goldberg*, 453 U.S. 57, 70 (1981) (judicial deference "is at its apogee when legislative action under the congressional authority to raise and support armies . . . is challenged."); *Nat'l Coal. for Men v. Selective Serv. Sys.*, 141 S. Ct. 1815, 1816 (2021) (in a statement concurring in the denial of *certiorari*, Justice Sotomayor, joined by Justice Breyer and Justice Kavanaugh, acknowledging "[t]he role of women in the military has changed dramatically since [*Rostker*]," but explaining "the Court's longstanding deference to Congress on matters of national defense and military affairs cautions against granting review while Congress actively weighs the issue.").

In the same letter, Defendants asserted that the Supreme Court's recent decision in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), lends further support to their opposition to class certification. Specifically, *TransUnion* supports Defendants' argument that the proposed class should not be certified because it is not sufficiently cohesive. *See* Defs.' Opp. to Class Cert. ("Defs.' Opp.") at 26-31, ECF No. 116. Just as the Supreme Court separated 6,332 uninjured class members from 1,853 injured class members in *TransUnion*, 594 U.S. at 433, this Court would need to parse through millions of potential class members to uncover whether those members (i) wanted to register for the draft, (ii) had attempted to register, and (iii) were denied, before any injunctive relief could be awarded. *See* Defs.' Opp. at 26-31. That is an unworkable proposition.

However, on November 20, 2023, another important development took place in the litigation. Plaintiff, Elizabeth Kyle-LaBell, turned 26. Second Am. Compl. ¶ 7, ECF No. 54. Plaintiff is no longer prevented from registering for the selective service "solely because of her sex[,]" Op. at 8, ECF No. 72 (citation omitted); she is also prevented from registering based on her age. Even if Plaintiff were a male, she would have aged out of draft registration requirements. Accordingly, the basis for her alleged injury—denial of equal treatment—no longer exists. And there is no relief the Court can provide to remedy her alleged injury. Therefore, her claims should be dismissed as moot. *United States v. Gov't of V.I.*, 363 F.3d 276, 285 (3d Cir. 2004); *see also TransUnion*, 594 U.S. at 431 ("Plaintiffs must maintain their personal interest in the dispute at all stages of litigation."). Moreover, the fact that the sole Plaintiff's claims are moot requires dismissal of the class claims as well. *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.").

**Background**

The Selective Service System is a federal agency charged with delivering appropriately qualified civilian men for induction into the Armed Forces of the United States. The agency was established by the MSSA, 50 U.S.C. §§ 3801, *et seq.*, which requires "every male citizen of the United States, and every other male person residing in the United States, who . . . is between the ages of eighteen and twenty-six, to present himself for and submit to registration[.]" 50 U.S.C. § 3802(a).

Plaintiff, Elizabeth Kyle-Labell, is a 26-year-old woman who, prior to turning 26, tried on multiple occasions to register with the Selective Service System on its website, but each time she was prevented from doing so "solely because of her sex[,]" Op. at 8, ECF No. 72 (citation omitted); Second Am. Compl. ¶¶ 5, 9-10.

In support of her putative class action challenging the MSSA, she pled both equal protection and substantive due process claims under the Fifth Amendment. Second Am. Compl. ¶ 29. Plaintiff seeks two forms of relief: (1) a declaration that the MSSA's draft registration regime is unconstitutional, *id.* ¶ 13, and (2) an injunction barring defendants "from registering only males in the age range of 30 days before their 18th birthday to the day before their 26th birthday, or requiring that females in that age range also register with the Selective Service, or requiring that registration be voluntary for both sexes," *id.* ¶ 14.

On March 29, 2018, the Court denied Defendants' motion to dismiss on standing grounds without prejudice. ECF No. 73. The Court noted that Plaintiff had tried to register for the draft multiple times, but each time had been prevented from doing so solely because she is a woman. Op. at 2, 7, 9. Accordingly, the Court found that Plaintiff had been "personally denied equal treatment by the challenged discriminatory conduct," and thus had suffered a concrete and particularized harm sufficient to establish standing at the pleading stage. *Id.* at 9, 12 (citation omitted).

Thereafter, Defendants moved to dismiss on grounds of ripeness and failure to state a claim. ECF No. 80. Defendants argued that Plaintiff's claims were not ripe due to Congress' ongoing review of women's registration; that Plaintiff's equal protection claim was foreclosed by the Supreme Court's decision in *Rostker v. Goldberg*, 453 U.S. 57 (1981); and that Plaintiff had failed to state a claim under the Fifth Amendment's substantive due process protections. ECF No.

80-1.  The Court granted Defendants' motion to dismiss in part, dismissing the substantive due process claim.  ECF No. 80-1.  But the Court otherwise allowed Plaintiff's equal protection claim to proceed and concluded that the case was ripe.  *Id.*

After a short period of discovery, Plaintiff moved to certify a sweeping class of millions of women "from 30 days before their 18th birthday to the day before their 26th birthday" and sought injunctive relief applicable to the entire class.  Pl.'s Mem in Supp. of Mot. for Class Cert. ("Pl.'s Mot.") at 3, ECF No. 115-1.  Defendants opposed.  Defs' Opp.  And that motion is pending before the Court.

### Argument

### I.    Plaintiffs' Claims Are Moot.

"If a claim does not present a live case or controversy, the claim is moot, and a federal court lacks jurisdiction to hear it."  *Gov't of V.I.*, 363 F.3d at 285.  A case is moot when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."  *United Steel Paper & Forestry Rubber Mfg. Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Gov't of V.I.*, 842 F.3d 201, 208 (3d Cir. 2016) (quoting *Cty. of L.A. v. Davis*, 440 U.S. 625, 631 (1979).  The central question of all mootness inquiries is whether a change in the circumstances that prevailed at the beginning of the litigation has forestalled any occasion for meaningful relief.  *Jersey Cent. Power & Light Co. v. State of N.J.*, 772 F.2d 35, 39 (3d Cir. 1985).  Here, Plaintiff's claims should be dismissed as moot for two reasons: 1) she no longer has an injury in fact; and 2) even if she did have an injury in fact the Court cannot remedy that injury.

The Court previously found that Plaintiff had stated an injury in fact because she "sufficiently allege[d] that she was 'personally denied equal treatment by the challenged discriminatory conduct' because she was prohibited from registering for the draft on the basis of sex."  Op. at 12, ECF No. 72 (citing to Second Am. Compl. ¶¶ 5, 8-10); *see also id.* at 8 ("she is prevented—solely because of her sex—from *registering for the draft*.") (emphasis in original) (citation omitted).  That is no longer the case.  Plaintiff is now similarly situated to men of the same age who are likewise not permitted to register for the draft.  *See* Selective Serv. Sys., Men 26 & Older, https://www.sss.gov/register/men-26-and-older/ (last visited June 28, 2024) ("Selective Service accepts late registrations up until a man reaches his 26th birthday.").  Accordingly, the basis for the Court's original injury in fact finding no longer exists.  *Honig v. Doe*, 484 U.S. 305, 317 (1988) (Even if "the dispute between the parties was very much alive when suit was filed," that "cannot substitute for the actual case or controversy that an exercise of this Court's jurisdiction requires.").

Further, the Court previously described Plaintiff's chief grievance as "Plaintiff wants to register for the draft, tried to register for the draft, but can't register for the draft because she is a woman."  Op. at 9, ECF No. 72.  But striking down the MSSA's registration requirement will not provide her with any effectual relief.  This is because only men between the ages of 18 and 26 are required or even permitted to register, 50 U.S.C. § 3802(a), and Plaintiff is now older than 26.  Accordingly, whether the registration requirement for men (and not women) between the ages of 18 and 26 is invalid has no impact on her.  Either way she cannot register.

In analogous circumstances, the Supreme Court has held that a plaintiff's attainment of an age beyond the scope of a challenged statute moots the plaintiff's challenge.  *See, e.g.*, *Atherton*

*Mills v. Johnston*, 259 U.S. 13, 15-16 (1922). In *Atherton Mills,* the plaintiff's father sued the employer of his minor son—who was between the ages of 14 and 16 and also a plaintiff—on the ground that the Child Labor Tax Act was unlawful, and sought to enjoin the employer from firing his son to avoid paying a tax under the Act. *Id*. at 13-14. The Child Labor Tax Act imposed a tax on those who employed a minor within the ages of 14 and 16 for more than eight hours per day (six days per week), or at certain early or late hours during the day. *Id*. at 14. The Supreme Court held that the injunction request was moot because the "lapse of time" since the suit began "has brought the minor, whose employment was the subject-matter of the suit, to an age which is not within the ages affected by the act." *Id*. at 15-16.

As in *Atherton Mills*, Plaintiff's challenge of the Selective Service's registration requirement is moot because the "lapse of time" has rendered Plaintiff "not within the ages affected by" the registration requirement. *See id*. at 15-16; *see also Honig*, 484 U.S. at 318 (holding that the plaintiff's claim for educational services under the Education of the Handicapped Act ("EHA") was moot because the plaintiff was "now 24 years old and, accordingly, [was] no longer entitled to the protections and benefits of the EHA, which limits eligibility to disabled children between the ages of 3 and 21"); *Craig v. Boren*, 429 U.S. 190, 192 (1976) (holding that the plaintiff's request to enjoin and declare unlawful a statute prohibiting the sale of alcohol to men under age 21 was moot once the plaintiff turned 21).

Plaintiff cannot avoid the effect of mootness by invoking the "capable-of-repetition" doctrine. This is a narrow exception to mootness that applies only where "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Hamilton v. Bromley*, 862 F.3d 329, 335 (3d Cir. 2017) (citation omitted). Eight years (ages 18-26) is a sufficient period for this type of claim to be fully litigated. Moreover, because she is no longer of an age where registration for Selective Service is necessary, Plaintiff will not be subject to the same type of alleged disparate treatment again.

## II. Plaintiff's Motion to Certify a Class Should be Denied and the Class Claims Dismissed.

Plaintiff moved to certify a sweeping class of millions of women between the ages of "30 days before their 18th birthday to the day before their 26th birthday" and sought injunctive relief applicable to the entire class. Pl.'s Mot. at 3. Leaving aside the stark conflicts of interest that exist within the class, *see* Defs' Opp. at 16-26, Plaintiff requests a remedy of permanent injunctive relief, which under well-established principles of equity requires demonstrating (1) irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the parties, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). But to apply this test on a classwide basis would necessarily involve delving into individualized questions of fact as to millions of potential class members.

In *TransUnion* a class of 8,185 individuals with alerts from the U. S. Treasury Department's Office of Foreign Assets Control ("OFAC") in their credit files sued TransUnion under the Fair Credit Reporting Act for failing to use reasonable procedures to ensure the accuracy of their credit files. 594 U.S. at 419-421. The parties stipulated prior to trial that only 1,853 class members had their misleading credit reports containing OFAC alerts provided to third parties

during the 7-month period specified in the class definition. *Id.* The internal credit files of the other 6,332 class members were not provided to third parties during the relevant period. *Id.* The Supreme Court held that only the 1,853 class members who had their information sent to third parties suffered a concrete injury in fact. *Id.* at 433. The remaining 6,332 class members did not suffer an injury in fact and therefore could not establish standing. *Id.* at 433-439. Here, the Court would be required to parse the individual circumstances of potentially millions of class members to uncover whether they suffered an injury and the extent of that injury to include whether those class members (i) wanted to register for the draft, (ii) had attempted to register, and (iii) were denied, before any injunctive relief could be awarded. *See* Defs.' Opp. at 26-31.[1]

In any event, the Court need not reach this issue because it is clear that the sole Plaintiff's claims are moot. In class actions, Article III standing "must be satisfied by at least one named plaintiff." *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 362 (3d Cir. 2015) (citation omitted). Only after the Court addresses the class representative's Article III standing can it analyze Federal Rule of Civil Procedure 23's certification requirements. *Mielo v. Steak 'n Shake Operations, Inc.*, 897 F.3d 467, 480 (3d Cir. 2018) (citing *Neale*, 794 F.3d at 368). Here, because the claims of the sole Plaintiff and class representative are moot, she may not seek relief on behalf of herself or any others. *O'Shea*, 414 U.S. at 494. Moreover, because Plaintiff is now 26, she is no longer a member of the class she proports to represent and therefore is not an adequate class representative. *See, e.g., Beneli v.BCA Fin. Servs., Inc.*, 324 F.R.D. 89, 98 (D. N.J. 2018); *see also* Defs.' Opp. at 16-26. Accordingly, Plaintiff's motion for class certification should be denied and the class claims dismissed along with Plaintiff's individual claims.

**<u>Conclusion</u>**

By attaining the age of 26 the sole Plaintiff in this litigation has aged out of draft requirements regardless of sex. Accordingly, her claims as well as the class claims should be dismissed as moot.

Respectfully submitted,

By:    */s/ Andrew E. Carmichael*
       ANDREW E. CARMICHAEL

cc:    All Counsel of Record (via ECF)

---

[1] Although *TransUnion* involved a damages class, the Court here must still determine the scope of the injuries suffered by the class and whether those injuries are irreparable before issuing any injunctive relief. Moreover, the Supreme Court's holding in *TransUnion* that uninjured class members cannot be included in a class calls into question the holding in *Neale*, 794 F.3d at 362, that "unnamed, putative class members need not establish Article III standing" in favor of other Circuit precedents such as *Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006) holding that "no class may be certified that contains members lacking Article III standing." *See TransUnion*, 594 U.S. at 431 ("Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not.") (citation omitted). But the Court need not address this question as it is clear that the sole class representative has not maintained her own standing. *Neale*, 794 F. 3d 363.